## REMOVAL OF ATTACHMENTS TO RAILROAD CAR.

Circuit Court of Cuyahoga County.

SAM PISKO V. STATE OF OHIO.

Decided, December, 1908.

1. The act of May 9, 1908 (99 Ohio Laws, 464), which provides for the punishment of those who, by removing certain enumerated articles from railway equipment, endanger human life does not, by implication, repeal Section 6861, Revised Statutes, which make it unlawful to do the things therein enumerated without reference to the endangering of human life thereby.
2. An indictment which alleges that the accused unlawfully, wilfully and without proper authority removed and displaced certain attachments to a railroad car, to-wit, three triple valves, describes an offense within the purview of Section 6861, Revised Statutes.

*William B. Woods,* for plaintiff in error.
*William G. Geier,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Pisko was indicted, tried, found guilty and sentenced upon an indictment which charged that he unlawfully, willfully and without the proper authority did then and there remove and displace certain attachments to a railroad car, to-wit, three triple valves of the value of three dollars each, which said railroad car and attachments were then and there employed and used in connection with the operation of a certain railroad of the Baltimore & Ohio Railroad Company, a corporation, and which said railroad car was then and there constructed and in operation in said county by said corporation, as aforesaid.

To this indictment a demurrer was filed and overruled, and the error complained of is the overruling of this demurrer. It is urged that if the indictment is under Section 6861 that the statute is not now in force, but was repealed by implication by the enactment of the statute found in 99 O. L., 464.

Section 6861 reads:

"That it shall be unlawful for any person or persons without proper authority, to place any obstruction upon any railroad, or any street railway, or any cable railway in this state, or displace, injure, or destroy anything appertaining thereto, or interfere with, remove, displace or disarrange any rail, cross-tie, switch, side-track, locomotive, car or train of cars or other property appertaining to any such railroad, street railway or cable railway, or interfere with, remove, displace or disarrange any flag, lamp or other signal attached to or employed upon any railroad, street railway or cable railway, or upon any railroad car or train of cars, or upon any street railway car or cable railway car, locomotive switch or other property appertaining to any such railroad, street railway or cable railway or remove from, disarrange or destroy any lock fastening, coupling or attachment on any track, car switch, stand, tool house, depot, or other property of any such railroad, street railway or cable railway. Any person violating any of the provisions of this section, shall, upon conviction thereof, be fined not more than five hundred nor less than twenty-five dollars, and imprisonment in the penitentiary not more than ten years or in the county jail not less than thirty days."

The statute passed May 9, 1908 (99 O. L., 484), which is claimed repeals the former statute, reads:

"That whoever without authority unlawfully removes from any railway track over which locomotives or cars are operated or from any locomotives, motor, or cars the bond wires, nuts, bolts, angle bars, spikes, attachments, fastenings, switch stands, locks, feed wires, trolley wires, or other appurtenances, or any part or attachment thereof, or any bonds, nuts, bolts, wires, fastenings, journal braces, journal packing or parts thereto attached or belonging in which are necessary in the use or operation of said railway tracks, locomotives, motors or cars, and the removal of which may endanger life, or whoever buys, receives, or unlawfully has in his possession any of the aforesaid articles, shall upon conviction thereof be imprisoned in the penitentiary not more than five years or less than one year, or not more than six months in the county jail or workhouse at the discretion of the court, which is hereby authorized to hear testimony in mitigation or aggravation of sentence."

It will be noticed that the statute last quoted provides only for the punishment of those who by removing the articles enumerated endanger human life, while Section 6861 makes it

unlawful to do the things therein enumerated, without any reference to whether the doing of those things endanger human life or not, so that if the statute found in 99 O. L., 464, repeals the former statute by implication there would be left no penalty for doing those various things, except when the doing of them endangers human life. It is perfectly clear that the statute last named was not intended to take the place of Section 6861, and, therefore, does not repeal the former act by implication.

But it is said that the indictment is bad under Section 6861. That statute, as is said in brief for the plaintiff in error, punishes first, him who places any obstruction upon any railroad or interferes with, removes, displaces, or disarranges any rail, crosstie, switch, side-track, locomotive, car or train of cars, or other property appertaining to any such railroad; second, it punishes him who interferes with, removes, displaces or disarranges any flag, lamp or other signal, and third, it punishes him who removes from, disarranges, or destroys any lock, fastening, coupling or attachment on any track, car, switch, stand, tool house, depot, or other property of any such railroad.

Of course it is perfectly clear that the offense charged here does not come within the second class named in the statute.

It is said that it does not come with the third class because there is no averment that the property interfered with was the property of any railroad, street railroad or cable railroad company. Conceding that this is true as to the third offense as named in the first clause of the section is clearly charged in this indictment. Not a necessary allegation is omitted. The language of the indictment is that the defendant "did remove and displace certain attachments to a railroad car, to-wit, three triple valves." The language of the statute is that "it shall be unlawful for any person, without proper authority, to interfere with, remove, displace, or disarrange any car or other property appertaining to any such railroad."

If these triple valves were attachments on a railroad car, then they appertained to such described car, and the fact that the word "appertaining" is used in describing the last of the three offenses named in the statute in nowise does away with the

fact that whatever attachment there is to a railway car "appertains" to such car.

We reach the conclusion, therefore, that the demurrer was properly overruled, and the judgment is affirmed.